**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

RHYS ATHAYDE,

                                    **Plaintiff,**                        **22-CV-09547 (SN)**

                    -against-                                              <u>ORDER</u>

**DOGPOUND FITNESS, INC. et al.,**

                                    **Defendants.**

---------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        The Court has considered the parties' letters concerning Plaintiff's invocation of the work

product privilege, ECF Nos. 48 & 49, and has reviewed the *in camera* submission by Plaintiff's

counsel of emails and other documents (together, the "Withheld Materials"). Plaintiff's counsel

seeks to withhold email communications between Plaintiff's counsel and Breylis Pena, a non-

party witness, and various documents, including letters and contracts, that Pena voluntarily

produced in response to Plaintiff's counsel's request (the "Pena Documents"). Defendant's

motion to compel production, ECF No. 44, is GRANTED.

        The work product doctrine protects from discovery by the opposing party "documents

and tangible things that are prepared in advance of litigation or trial." Fed. R. Civ. P.

26(b)(3)(A). It was created to promote the adversarial system by protecting a lawyer's legal

theories and litigation strategies from compelled disclosures. The doctrine covers a broad range

of materials, including "interviews, statements, memoranda, correspondence, briefs, mental

impressions, personal beliefs, and countless other tangible and intangible" things. <u>Hickman v.</u>

<u>Taylor</u>, 329 U.S. 495, 511 (1947). Thus, work product may cover "factual fruits of an attorney's

investigations – sometimes referred to as 'fact work product' – and an attorney's mental impressions and opinions – sometimes referred to as 'opinion work product.'" <u>Am. Oversight v. U.S. Dep't of Justice</u>, 45 F.4th 579, 590 (2d Cir. 2022) (citing <u>In re Grand Jury Subpoena Dated July 6, 2005</u>, 510 F.3d 180, 183 (2d Cir. 2007)). An absolute privilege applies to "opinion work product"; a qualified privilege applies to "fact work product." <u>Id</u>. at 591 (citing cases). The burden of establishing whether a document is protected by the work product doctrine falls on the party asserting it. <u>See</u> <u>In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002</u>, 318 F.3d 379, 384 (2d Cir. 2003).

There is no legitimate argument that the Withheld Materials are opinion work product. The communications with the non-party are ministerial, and Plaintiff's counsel does not discuss or disclose any mental impressions or litigation strategies. There is similarly no possible claim that the Pena Documents – "letters" from his own lawyers to adversary lawyers and "all the documents I could find," constituting business agreements and other contracts – reveal Plaintiff's counsel's impressions.

While the "factual fruits" of counsel's inquiry (the Pena Documents) could enjoy qualified protection, it's plain from the context that Pena simply produced "all the documents I could find"; these are not the fruits of any serious or tailored inquiry, and most of the documents are already held by Defendants. Accordingly, Plaintiff is ORDERED to produce the Withheld Materials by January 8, 2024.

Defendants request that the Court reconsider its ruling that Defendants cannot reopen Pena's deposition. Defendants' request is DENIED. The Withheld Materials all relate to a past dispute between Pena and Defendants. At the time of Pena's deposition, Defendants had full

opportunity to ask Pena questions about that past dispute. Accordingly, the Court finds that

Defendants have not demonstrated good cause to reopen Pena's deposition.

## CONCLUSION

Plaintiff is ORDERED to produce the Withheld Materials by January 8, 2024.

Additionally, Defendants' request for reconsideration is DENIED.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:       January 5, 2024
             New York, New York