USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RHYS ATHAYDE,

                                **Plaintiff,**                              22-CV-09547 (SN)

        -against-                                                  **ORDER**

**DOGPOUND FITNESS, INC. et al.,**

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On January 10, 2025, the parties submitted letter briefs regarding the appropriate method of calculation for overtime damages and compensation for any of Plaintiff's out-of-state work related to Dogpound Fitness, Inc. ECF Nos. 92, 93.

       With respect to the damages calculation methodology, the Court will instruct the jury that, for the periods during which the Plaintiff was paid on a salary basis, if they find him to be non-exempt, there is a rebuttable presumption that the weekly salary covered only the first 40 hours of work. Any hours worked beyond those first 40 hours would be considered overtime at a rate of one and a half-time the regular hourly rate. See Pinovi v. FDD Enters., Inc., No. 13-cv-2800 (GBD)(KNF), 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015); Giles v. City of New York, 41 F. Supp. 2d 308 (S.D.N.Y. 1999); Ahn v. Sun Cleaners Inc., No. 19-cv-5919 (DLI)(PK), 2022 WL 586022, at *7-9 (E.D.N.Y. Feb. 18, 2022). Defendants can rebut the presumption through an "employer-employee agreement that the salary covers a different number of hours" or through the "entire course of conduct, based on the testimonial and

documentary evidence in the record." <u>Giles</u>, 41 F. Supp. 2d at 317; <u>Jiao v. Shi Ya Chen</u>, No. 03-cv-0165 (DF), 2007 WL 4944767, at *13 (E.D.N.Y. Mar. 30, 2007) (internal citations omitted).

With respect to compensation for Plaintiff's out-of-state work, the Court will instruct the jury that, for periods during which the Plaintiff resided in New York State but performed short-term or incidental work for the Defendants out of State, New York Labor Law will apply. The parties should be prepared to discuss at the Final Pretrial Conference (i) the nature and duration of any long-term employment performed out of New York State by Plaintiff for Defendants, and (ii) whether the Court should permit Plaintiff to conform his pleadings pursuant to Federal Rule of Civil Procedure 15(b)(2) to allow for certain periods of employment to be governed by California law.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   January 13, 2025
         New York, New York